UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
25-CR-20427-GAYLES/SHAW-WILDER
CASE NO. ______________
18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

SOPHIA LACAYO,

Defendant.
______________________________/

FILED BY BM D.C.
Sep 26, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At various times material to this Information:

1. The United States Small Business Administration ("SBA") was an agency of the executive branch of the Government of the United States. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

### The Paycheck Protection Program

2. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of small business owners who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of

forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

3. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application (SBA Form 2483), which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. This application and the supporting documentation submitted in connection with the application were used to calculate the amount of money the applicant was entitled to receive under the PPP.

4. The PPP also allowed a qualifying business that had obtained a PPP loan and experienced a required revenue reduction in 2020 to obtain a second PPP loan in 2021. These second PPP loans were also known as "second draw" loans. Starting on or about March 4, 2021, small businesses could apply for this second draw loan based on their gross income by using the PPP Second Draw Borrower Application Form (SBA Form 2483-SD) that provided their average monthly payroll and their number of employees. This second draw application and the supporting documentation submitted were used to calculate the amount of second draw money the applicant was entitled to receive under the PPP.

5. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies.

While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA.

**The Defendant and the Relevant Individuals and Entities**

6. Defendant **SOPHIA LACAYO** was a resident of Miami-Dade County, Florida.

7. Individual 1 was a resident of Miami-Dade County, Florida.

8. Lacayo Trade Group Inc. ("Lacayo Trade") was a Florida Profit Corporation incorporated by **SOPHIA LACAYO**. At all relevant times, **LACAYO** was the President and owner of Lacayo Trade.

9. QC Trade Group LLC ("QC Trade") was a Florida Limited Liability Company registered by **SOPHIA LACAYO**. At various times, **LACAYO** and Individual 1 were managers of QC Trade.

10. QC Tax Pro System LLC ("QC Tax") was a Florida Limited Liability Company registered by Individual 1. At various times, **SOPHIA LACAYO** was an authorized person and manager of QC Tax, and Individual 1 was an authorized member, manager, and secretary of QC Tax.

11. Lender 1 was an SBA-approved lender for PPP loans. Lacayo Trade applied for and received one PPP loan from Lender 1.

12. Lender 2 was an SBA-approved lender for PPP loans. QC Trade applied for and received one PPP loan from Lender 2.

13. Lender 3 was an SBA-approved lender for PPP loans. QC Tax applied for and received one first draw and one second draw PPP loan from Lender 3.

14. Bank 1 was a bank headquartered in the state of Alabama that did business in various states, including maintaining branches in the Southern District of Florida. Lacayo Trade maintained a business checking account ending in 9664 at Bank 1 ("the Lacayo Trade Account").

15. In or around May 2020, **SOPHIA LACAYO** opened the Lacayo Trade Account as President of Lacayo Trade. **LACAYO** was the sole signatory on the Lacayo Trade Account.

**Wire Fraud**
**(18 U.S.C. § 1343)**

16. From in or around April 2020, and continuing through in or around May 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**SOPHIA LACAYO,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE SCHEME AND ARTIFICE**

17. The purpose of the scheme and artifice was for **SOPHIA LACAYO** to unlawfully enrich herself by submitting, and causing the submission of, materially false and fraudulent PPP applications to obtain PPP loan proceeds for her own use and benefit.

**THE SCHEME AND ARTIFICE**

The manner and means by which **SOPHIA LACAYO** sought to accomplish the purpose

of the scheme and artifice included, among others, the following:

18. **SOPHIA LACAYO** submitted, and caused to be submitted, via interstate and foreign wire communications false and fraudulent PPP loan applications to various lenders for entities including Lacayo Trade. The application **LACAYO** submitted to Lender 1 on behalf of Lacayo Trade listed **LACAYO** as the 100% owner of Lacayo Trade, and it falsely and fraudulently claimed that Lacayo Trade had an average monthly payroll of $131,158 for 40 employees. In support of this application, **LACAYO** submitted numerous false and fraudulent documents to Lender 1, including but not limited to, IRS Forms 1120, 940, and W-3 for 2019, IRS Forms 941 for the first quarter of both 2019 and 2020, 2019 Forms W-2 for 40 supposed Lacayo Trade employees including **LACAYO**, and Lacayo Trade payroll records for two two-week pay periods in February 2020.

19. The various IRS Forms 1120, W-3, and 940 that **SOPHIA LACAYO** submitted to Lender 1 in support of Lacayo Trade's PPP loan application all were fraudulent documents that contained material misrepresentations including the false assertions that Lacayo Trade had $2,865,792 in gross revenues and paid $1,573,896 in salaries and wages in 2019. The Form 941 for the first quarter of 2020 submitted by **LACAYO** falsely claimed that Lacayo Trade paid a total of $393,474 to 40 employees during the first three months of 2020, supporting the false claims about Lacayo Trade's payroll made in the PPP loan application and the February 2020 payroll records submitted in support thereof. All these claims about the gross revenues earned and salaries and wages paid by Lacayo Trade were materially false statements submitted to Lender 1 by **LACAYO** in furtherance of the scheme to defraud.

20. As a result of the PPP application and supporting documents submitted by **SOPHIA**

**LACAYO**, Lacayo Trade obtained approximately $327,895 in PPP loan proceeds from Lender 1 that were electronically deposited via interstate wire communications into the Lacayo Trade Account at Bank 1.

## USE OF WIRES

21. On or about May 27, 2020, in the Southern District of Florida, and elsewhere, **SOPHIA LACAYO**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is, the electronic wire transfer in interstate commerce through the FedWire/ACH system of approximately $327,895 from Lender 1 to the Lacayo Trade Account at Bank 1.

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **SOPHIA LACAYO**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

Yisel Valdes FOR
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

EDWARD N. STAMM
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA** | **CASE NO.: 25-CR-20427-GAYLES/SHAW-WILDER**

**v.**

SOPHIA LACAYO,
______________________________/

## CERTIFICATE OF TRIAL ATTORNEY

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [x] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: __________
4. This case will take 0 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | (Check only one) |
|---|---|---|
| I | [x] 0 to 5 days | [ ] Petty |
| II | [ ] 6 to 10 days | [ ] Minor |
| III | [ ] 11 to 20 days | [ ] Misdemeanor |
| IV | [ ] 21 to 60 days | [x] Felony |
| V | [ ] 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge __________ Case No. __________
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge __________ Magistrate Case No. __________
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge __________ Case No. __________
9. Defendant(s) in federal custody as of __________
10. Defendant(s) in state custody as of __________
11. Rule 20 from the __________ District of __________
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: __________________
Edward N. Stamm
Assistant United States Attorney
FL Bar No. 373826

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: SOPHIA LACAYO

**Case No**: ______

Count #: 1

Wire Fraud

18 U.S.C. § 1343

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or gross gain or loss from the offense, whichever is higher**
* **Special Assessment: $100**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>SOPHIA LACAYO,<br><br>*Defendant* | )<br>)<br>)<br>)<br>) | Case No. **25-CR-20427-GAYLES/SHAW-WILDER** |

**WAIVER OF AN INDICTMENT**

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: ______________

______________________
*Defendant's signature*

______________________
*Signature of defendant's attorney*

Susy Ribero-Ayala, Esq.
*Printed name of defendant's attorney*

______________________
*Judge's signature*

______________________
*Judge's printed name and title*